**Nicole KINSEY, Plaintiff**

v.

**WOMEN'S SURGERY CENTER, LLC, et al., Defendants.**

**Case No. RWT 08cv0067.**

United States District Court, D. Maryland.

Oct. 30, 2008.

Thomas Fortune Fay, Caragh Glenn Fay, Law Office of Thomas Fortune Fay, Washington, DC, for Plaintiff.

Charles I. Joseph, Shaw and Morrow PA, Towson, MD, Michael Kevin Wiggins, Wharton Levin Ehrmantraut and Klein PA, Annapolis, MD, for Defendants.

## MEMORANDUM OPINION

ROGER W. TITUS, District Judge.

This is a medical malpractice action arising out of gynecological surgery performed on the Plaintiff on April 21, 2006, to remove fibroids.[1] She alleges, *inter alia,* that Defendants, during the course of this surgery, negligently disconnected her cer-

vix from the main body of her uterus, effectively destroying her ability to conceive or carry a pregnancy to term. *See* Compl. ¶¶ 9–10.

Pending before the Court are the Defendants' Motion to Strike Plaintiff's Certificate of Merit and To Dismiss the Case Without Prejudice [Paper No. 21] (hereinafter, "Def. Mot.") and the Plaintiff's Motion for Leave to File Supplemental/Amended Certificate of Merit (Qualified Expert) [Paper No. 28](hereinafter, "Pl. Mot.").[2] Defendants argue that the Certificates do not comply with strict statutory requirements and that dismissal without prejudice is the statutorily-mandated remedy. Plaintiffs argue that the flaws in the Certificates are nothing more than clerical errors that can be easily corrected without prejudice to the Defendants, and that in any case, the Certificates do comply with statutory requirements. For the reasons below, Defendants' motion will be **DENIED,** and Plaintiff's motion will be **GRANTED.**

## I. PROCEDURAL HISTORY

In accordance with the Maryland Health Care Malpractice Claims Act, MD.CODE ANN., CTS. & JUD. PROC. § 3–2A–01 *et seq.,* on November 19, 2007, Plaintiff filed her Statement of Claim with the Health Care Alternative Dispute Resolution Office ("HCADRO"). On November 21, 2007, Plaintiff filed two Certificates of Merit[3] with the HCADRO. The first, by Dr. Donald Galen, stated, *inter alia,* "I do not annually devote more than *10% of my*

---

1. Fibroids are a type of non-malignant tumor, commonly found in the uterus.

2. Defendants Women's Surgery Center, L.L.C., P.C., and Dr. MacKoul have consented to Plaintiff's motion [Paper No. 28]. *See* Pl. Mot. Ex. 3. Defendants Shah and Vaught remain opposed to the motion.

3. Various terms are used to refer to the document that is to be filed with a complaint

alleging medical malpractice. The statute uses "certificate of a qualified expert." Other sources and cases use "Certificate of Merit" in reference to the same document. As the Court of Appeals of Maryland did in *Carroll v. Konits,* 400 Md. 167, 929 A.2d 19 (2007), this Court will simply use the term "Certificate" herein.

*personal* activities to personal injury litigation or claims." The second, by Dr. Herbert Goldfarb,[4] stated "I do not annually devote more than *20% of my personal* activities to personal injury litigation and claims." *See* Memo. in Supp. of Def. Mot. Ex. 2 & 3 (emphases added).

On December 13, 2007, the Chairman of the HCADRO ordered that the case be transferred to the United States District Court of Maryland. Plaintiff filed her Complaint in this Court on January 8, 2008. On July 9, 2008, the Defendants filed the instant Motion to Strike Plaintiff's Certificate of Merit and To Dismiss the Case Without Prejudice [Paper No. 21]. Plaintiff filed a response to that motion on July 28, 2008. On August 18, Plaintiff filed the Motion for Leave to File Supplemental/Amended Certificate of Merit (Qualified Expert) [Paper No. 28].

## II. REQUIREMENTS OF THE HEALTH CARE MALPRACTICE CLAIMS ACT

The Healthcare Malpractice Claims Act ("Act") created an administrative arbitration process with which a medical malpractice plaintiff must comply as a prerequisite to maintaining suit in this Court or any Maryland trial court. Memo. in Supp. of Def. Mot. at 5. A plaintiff initiates her case by filing a Statement of Claim in the HCA-DRO and may only pursue the case in a trial court if she files the required Certificate, waives the arbitration process, and receives a transfer to a trial court from the Chairman of the HCADRO. *Id.* "[T]he certificate requirement reflects the General Assembly's desire to weed out, shortly after suit is filed, nonmeritorious medical malpractice claims." *D'Angelo v. St. Agnes Healthcare, Inc.,* 157 Md.App. 631, 853 A.2d 813, 822 (Md.Ct.Spec.App.2004).

Section 3–2A–04(b)(1)(i)(1) of the Act provides that, subject to an exception not relevant to this proceeding:

[A] claim or action filed after July 1, 1986, shall be dismissed, without prejudice, if the claimant or plaintiff fails to file a certificate of a qualified expert with the Director attesting to departure from standards of care, and that the departure from standards of care is the proximate cause of the alleged injury, within 90 days of the complaint.

Section 3–2A–04(b)(4) specifies the qualifications required of the expert who submits the above-referenced Certificate:

A health care provider who attests in a certificate of a qualified expert or who testifies in relation to a proceeding before an arbitration panel or a court concerning compliance with or departure from standards of care *may not devote annually more than 20 percent of the expert's professional activities to activities that directly involve testimony in personal injury claims.*

(emphasis added).

## III. ANALYSIS

■ Defendants argue that because the requirements for the contents of the Certificate have been strictly interpreted by Maryland courts, that the errors in the affirmations by Plaintiff's experts—i.e., representations regarding their "personal" time as opposed to "professional" time— mandate dismissal without prejudice. They claim that "an expert may only sign a Certificate if he ... affirms that he does 'not devote annually more than 20 percent of [his] *professional* activities to activities that directly involve testimony in personal injury claims,'" citing MD.CODE ANN., CTS. &

---

4. Plaintiff has not moved to file a supplemental/amended Certificate by Dr. Goldfarb. However, since the statute only requires a single Certificate as a prerequisite for maintenance of a suit, this is not pertinent to the disposition of the instant motions.

Jud. Proc. § 3–2A–04(b)(4). Memo. in Supp. of Def. Mot. at 2.

Defendants' contention, however, conflicts with both the plain language of the statute and judicial interpretations of the minimal requirements for the contents of a Certificate. The required *contents* of the Certificate are specified in § 3–2A–04(b)(1)(i)(1), and include (1) an attestation that there was a departure from the normal standards of care, and (2) that the said departure was the proximate cause of the plaintiff's injury. The required *qualifications* of the expert are specified in a separate subsection of the statute, § 3–2A–04(b)(4), and there is no requirement that the expert's qualifications be stated in the Certificate. It is in this later subsection that the law requires that an attesting expert may not devote more than 20 percent of his professional activities to testimony in personal injury claims. The Court of Appeals of Maryland recently held that in addition to the two requirements for Certificates enumerated in § 3–2A–04(b)(1)(i)(1), the Certificate must also identify with specificity the individual whose actions allegedly caused the harm to plaintiff. *See Carroll v. Konits*, 400 Md. 167, 929 A.2d 19 (2007). Nowhere in its lengthy discussion of the Certificate requirements did the Court of Appeals state that the Certificate must contain a 20 percent affirmation.[5]

> We hold that a Certificate is a condition precedent and, at a minimum, must identify with specificity, the defendant(s) … against whom the claims are brought, include a statement that the defendant(s) breached the applicable standard of care, and that such a departure from the standard of care was the proximate cause of the plaintiff's injuries.

*Id.* at 22.

Defendants state in their memorandum of law, without citation to any supporting authority, that the HCADRO Chairman may not transfer a case to the Court unless the Certificate complies with strict statutory requirements; that one of these requirements is some evidence that the certifying expert meets the 20 percent requirement; and that it is "universal practice … that such evidence comes in the form of an affirmation contained within the Certificate." Memo. in Supp. of Def. Mot. at 7. While it may be true that plaintiffs, as a matter of course, usually include such an affirmation in their Certificates, there is no basis in the statutory language, however, for the conclusion that the Certificate *must* contain such an affirmation, only that the expert actually meet the requirement.

Plaintiffs state in their memorandum that the flaw in Dr. Galen's certificate is nothing more than a clerical error substituting the word "personal" for "professional," and that Dr. Galen does in fact qualify under the statute because he devotes less than 10 percent (which is, of course, less than 20 percent) of his professional activities to personal injury work, and has so testified in a deposition. Memo. in Supp. of Pl. Mot. at 5. Defendants do not appear to contest Dr. Galen's actual qualifications, only the technical compliance of the Certificate.

■ The Court is mindful that courts must strictly interpret the Act, and that plaintiffs must comply fully or be subject to the mandatory sanction of dismissal without prejudice. *See Walzer v. Os-*

---

**5.** Defendant in *Carroll* did argue that the Certificate in that case was deficient for failure to state the amount of professional time spent in testimonial activities for personal injury claims. *See Carroll*, 929 A.2d at 32. However, because the court found the Certificate improper in other ways, the court did not reach this issue. *See id.* at 39.

*borne*, 395 Md. 563, 911 A.2d 427 (2006)(imposing "mandatory sanction of dismissal when a claimant fails to attach the expert report, based on the context of the Statute and its stated purpose"); *see also D'Angelo*, 853 A.2d at 823 (dismissing case for Certificate's failure to name individual defendants alleged to have breached the standard of care). Nor does the Court disagree with Defendants' assertion that the filing of a proper Certificate is an "indispensable step" in the pursuit of a malpractice claim in Maryland, and that "failure to file a proper certificate is tantamount to not having filed a certificate at all." *See D'Angelo*, 853 A.2d at 822.

This Court concludes, however, that the plain language of the statute does not require that the Certificate contain an attestation of the amount of time the expert devotes to testimony in personal injury actions. Therefore, because the Certificate named specific defendants, and alleged a departure from the standard of care that was the proximate cause of Plaintiff's injury, the Certificate complied with the minimum requirements of § 3–2A–04(b)(1)(i)(1) and *Carroll,* and therefore, dismissal is not warranted. Nor is this a case in which the purpose of the statute— the "weeding out" of nonmeritorious claims—is frustrated. While the Court expresses no opinion regarding the ultimate outcome of the case, Plaintiff's claim that she has suffered a loss of reproductive ability after an allegedly negligent surgical procedure does not appear frivolous on its face.

### IV. CONCLUSION

For the aforementioned reasons, Defendants' Motion to Strike Plaintiff's Certificate of Merit and To Dismiss the Case Without Prejudice [Paper No. 21] is **DENIED,** and Plaintiff's Plaintiff's Motion for Leave to File Supplemental/Amended Certificate of Merit (Qualified Expert) [Paper No. 28] is **GRANTED.** A separate Order follows.

### *ORDER*

Upon consideration of Defendants' Motion to Strike Plaintiff's Certificate of Merit and To Dismiss the Case Without Prejudice [Paper No. 21], Plaintiff's Plaintiff's Motion for Leave to File Supplemental/Amended Certificate of Merit (Qualified Expert) [Paper No. 28], and the oppositions and replies thereto, for the reasons stated in the accompanying Memorandum Opinion, it is this 30th day of October, 2008, by the United States District Court for the District of Maryland,

**ORDERED,** that Defendants' Motion to Strike Plaintiff's Certificate of Merit and To Dismiss the Case Without Prejudice [Paper No. 21] is **DENIED;** and it is further

**ORDERED,** that Plaintiff's Plaintiff's Motion for Leave to File Supplemental/Amended Certificate of Merit (Qualified Expert) [Paper No. 28] is **GRANTED;** and it is further

**ORDERED,** that the Clerk is directed to file Plaintiff's Supplemental/Amended Certificate of Merit [Paper No. 28, Ex. 2].